UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-80705-MIDDLEBROOKS
MAGISTRATE JUDGE REID

TED EVAN DOUGHTY,

    Petitioner,

v.

STATE OF FLORIDA,

    Respondent.
_____/

## **REPORT OF MAGISTRATE JUDGE**

### I. Introduction

Petitioner, **Ted Evan Doughty**, has filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions for burglary and grand theft, entered following a guilty plea in Palm Beach County Circuit Court, Case Nos. 2005CF013487BXX, 2005CF013483AXX, 2005CF013497BXX, 2005CF013491BXX and 2005CF013494AXX.

This cause has been referred to the Undersigned for consideration and report, pursuant to 28 U.S.C. § 636(b)(1)(B), (C); S.D. Fla. Local Rule 1(f) governing Magistrate Judges; S.D. Fla. Admin. Order 2019-02; and the Rules Governing Habeas Corpus Petitions in the United States District Courts.

For its consideration of the Petition [ECF No. 1], the Court has the Respondent's Response to this Court's Order to Show Cause [ECF No. 10], along with its supporting appendix [ECF No. 11], containing copies of relevant state court pleadings. For the reasons detailed below, Petitioner is not entitled to habeas corpus relief.

1

## II. Claims

Construing the arguments liberally as afforded *pro se* litigants, pursuant to *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Petitioner raises the following grounds for relief:

1. He received ineffective assistance of counsel where his lawyer counseled him to accept a plea agreement for charges that were void due to the statute of limitations. [ECF No. 1 at 5].

2. He received ineffective assistance of counsel where his lawyer failed to appeal his conviction and sentence. [*Id*. at 7].

3. His conviction and sentence are illegal because his prosecution was not commenced within the statutory limitations period. [*Id*. at 9].

4. Petitioner was sentenced under the laws of 2018, when he should have been sentenced under the laws of 2005. [*Id*. at 10].

## III. Procedural History

In October 2005, Petitioner was charged for an August 2005 series of burglaries and grand thefts that occurred in Palm Beach County while Petitioner was on the run after escaping from federal prison in South Carolina. [ECF No. 11-1, Ex. 3]. Specifically, in Palm Beach County Circuit Court Case No. 2005CF013482AXX, Petitioner was charged by information with burglary of a structure or conveyance of David O'Neill and grand theft of police equipment of David O'Neill. [*Id*., Ex. 2 at 6]. In Case No. 2005CF013487BXX, Petitioner was charged by information with burglary while armed with a firearm of a conveyance of Leonard Green, and grand theft of a firearm belonging to Leonard Green. [ECF No. 11-1, Ex. 5 at 18]. In Case No. 2005CF013491BXX, Petitioner was charged by information with grand theft of a motor vehicle, the property of James Bertino and/or Sheila Bertino, and two counts of burglary of a conveyance, the property of James Bertino and/or Sheila Bertino. [*Id*., Ex. 8 at 29]. In Case No. 2005CF013494AXX, Petitioner was charged by information with two counts of burglary of a conveyance, the property of Scott Rahn. [*Id*., Ex. 11 at 43]. Finally, in Case No.

2005CF013497BXX, Petitioner was charged by information with grand theft of a motor vehicle, the property of George Gurch. [*Id.*, Ex. 14 at 53].

In November 2017, Assistant State Attorney Craig Williams signed a detainer agreement with the warden of United States Penitentiary ("USP") Coleman, where Petitioner was serving his federal sentence, accepting temporary custody of Petitioner for the purposes of bringing him to trial on the pending state informations. [*Id.*, Ex. 16]. One month later, Petitioner was booked into the Palm Beach County Jail on all five cases. [*Id.*, Ex. 17]. In March 2018, Petitioner's attorney filed a motion to dismiss and an amended motion to dismiss the Information arguing that the statute of limitations had expired. [*Id.*, Exs. 19, 21].

One month later, before the trial court ruled on the amended motion to dismiss, Petitioner signed a plea sheet pleading guilty in all five cases and agreeing to a 24.53-month sentence in the Florida Department of Corrections ("FDOC") to be served concurrently with any federal sentence. [*Id.*, Ex. 22]. Petitioner also signed a rights waiver, indicating that he was giving up his rights to a jury trial, to cross-examine the state's witnesses, to hold the State to its burden of proof, and to appeal his conviction and sentence. [*Id.*, Ex. 23]. As part of the waiver, Petitioner also acknowledged that he had discussed the case with his attorney and was satisfied with her representation. [*Id.*]. Lastly, Petitioner agreed that by pleading guilty he was giving up his right to contest any pretrial motions that were filed. [*Id.*].

Petitioner was adjudicated guilty in all five cases and sentenced to 24.53 months imprisonment with 129 days credit as set forth on the plea sheet. [*Id.*, Exs. 24, 25]. Petitioner was then transported back to USP Coleman to continue serving his federal sentence concurrent with his state sentence. [*Id.*, Exs. 26, 27].

Petitioner did not file an appeal or any other postconviction motions. Petitioner filed this federal habeas Petition on May 24, 2019. [ECF No. 1 at 15].

### IV. Threshold Issues

A.  Custody

As an initial matter, the Respondent asserts that because Petitioner is currently confined by the Federal Bureau of Prisons, the Court is without jurisdiction to consider his habeas petition. [ECF No. 10 at 26].

A district court has jurisdiction to entertain a § 2254 petition if the petitioner is "in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Courts "very liberally construe the 'in custody' requirement for purposes of federal habeas." *Diaz v. State of Fla. Fourth Judicial Circuit ex rel. Duval Cnty.,* 683 F.3d 1261, 1264 (11th Cir. 2012) (citing *Garlotte v. Fordice*, 515 U.S. 39, 45 (1995)). At the very least, "the state must exercise some control over the petitioner in order to satisfy the 'in custody' requirement." *Stacey v. Warden, Apalachee Corr. Inst.,* 854 F.2d 401, 403 (11th Cir. 1988) (internal citation omitted).

Here, at the time he filed the Petition, Petitioner was serving a state sentence concurrent with his federal sentence. [ECF No. 11-1, Ex. 27]. Although he was technically in federal custody, his state sentence was not expired at the time he filed here. Moreover, review of the FDOC website shows that Petitioner went into FDOC custody on April 27, 2018, and concluded his sentence on November 7, 2019.[1] Thus, at time he filed his Petition, on May 24, 2019, he was 'in custody' for purposes of § 2254(a). His challenge to his Palm Beach County convictions, therefore, was

---

[1] A copy of Petitioner's information on the FDOC website has been incorporated into the record by separate order. The Court takes judicial notice of these records. *See* Fed. R. Evid. 201.

properly brought in this Court under § 2241(d). As such, the Respondent's argument as to this issue is without merit.

B. Timeliness

The Respondent rightfully does not challenge the timeliness of Petitioner's habeas corpus Petition [ECF No. 10 at 13], as it was filed prior to the expiration of the federal one-year limitations period. *See* 28 U.S.C. § 2244(d).

C. Exhaustion

Next, the Respondent argues that claims are unexhausted because they were never presented in state court. [ECF No. 10 at 38]. In addressing the issue of exhaustion and procedural default, the Court must determine whether the claims raised here were raised in the state court proceedings, and whether the state court was alerted to the federal nature of the claims.

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging a state conviction. *See* 28 U.S.C. § 2254(b), (c). To properly exhaust state remedies, a petitioner must fairly present every issue raised in his or her federal petition to the state's highest court, either on direct appeal or on collateral review. *See Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 456–59 (11th Cir. 2015).

Exhaustion is not satisfied if the petitioner merely presents the state court with "all the facts necessary to support the claim" or even if a "somewhat similar state-law claim was made." *Kelley v. Sec'y for Dep't. of Corr.*, 377 F.3d 1317, 1344-45 (11th Cir. 2004) (citation omitted). A petitioner must instead "present his claims to the state courts such that they are permitted the 'opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'" *Id*.

To circumvent the exhaustion requirement, Petitioner must establish that there is an

"absence of available state corrective process" or that "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B); *see also Duckworth v. Serrano,* 454 U.S. 1, 3 (1981). Petitioner acknowledges that he did not file a direct appeal or any collateral postconviction motions in the state court. *See generally* [ECF No. 1]. Consequently, his claims were not fairly presented to the state court and are therefore unexhausted.

D. Procedural Default

It must next be determined whether Petitioner's failure to exhaust his claims results in a procedural default in federal court. Here, Petitioner's claims would now be procedurally barred if raised in the state forum because his time for filing a direct appeal and a Rule 3.850 motion for postconviction relief has expired. *See* Fla. R. App. P. 9.110(b)(appeals must be filed "within 30 days of the order to be reviewed"); *see also* Fla. R. Crim. P. 3.850(b) (a motion to vacate sentence must be filed no more than two years after the judgment and sentence become final). Accordingly, any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *See Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999).

However, a procedurally defaulted claim may still be considered if the federal petitioner can demonstrate: (1) objective cause for the failure to properly present the claim and actual prejudice from the alleged constitutional violation; or, (2) a fundamental miscarriage of justice. *See Wainwright v. Sykes,* 433 U.S. 72, 87 (1977); *see also Tharpe v. Warden,* 898 F.3d 1342, 1344-47 (11th Cir. 2018). Petitioner can show cause by alleging that some objective factor, external to the defense, impeded his effort to raise the claim properly in the state court. *See Murray v. Carrier,* 477 U.S. 478, 488 (1986); *see also Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To show prejudice, a petitioner must demonstrate that the "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *See McCoy v. Newsome,*

6

953 F.2d 1252, 1261 (11th Cir. 1992) (*quoting Murray,* 477 U.S. at 494). The allegations of cause and prejudice must be factually specific, not conclusory. *See Harris v. Comm'r, Ala. Dep't of Corr.,* 874 F.3d 682, 691 (11th Cir. 2017).

Here, as to all his claims, Petitioner generally states that he could not exhaust his state remedies because he has no access to Florida case law as a federal inmate, and he "expected his lawyer to appeal" the issues raised in the Petition. *See* [ECF No. 1 at 12]. He does not, however, allege that he specifically requested counsel to file an appeal, or that counsel was ineffective for failing to file an appeal.

He further fails to allege any specific facts to demonstrate that some "objective factor" prohibited him from exhausting his claims in state court. Particularly, but for his lack of knowledge of Florida case law, he makes no assertion that he was unable to file state court pleadings as a result of his federal custody status.

Without sufficient factual support, Petitioner's allegation of cause to excuse his procedural default is insufficient and conclusory. *See Harmon v. Barton*, 894 F.2d 1268, 1275 (11th Cir. 1990) (finding that a petitioner's mere *pro se* status is not cause to overcome a state procedural default). Moreover, Petitioner fails to make any allegation of actual innocence or fundamental miscarriage of justice that would circumvent the procedural default requirement. Accordingly, he fails to demonstrate cause to excuse the procedural default here, and his claims are subject to dismissal on this basis alone.

Nevertheless, where the merits of the claim may be reached and readily disposed of, judicial economy dictates reaching the merits of the claim while acknowledging the procedural default and bar in the alternative. *See Lambrix v. Singletary,* 520 U.S. 518 (1997). Accordingly, the Court addresses the merits of Petitioner's claims below in an abundance of caution.

## V. General Legal Principles

A. <u>Standard of Review</u>

The court's review of a state prisoner's federal habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Abdul–Kabir v. Quarterman,* 550 U.S. 233, 246 (2007); *see also Ledford v. Warden, Ga. Diagnostic & Classification Prison,* 818 F.3d 600, 642 (11th Cir. 2016). "The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction." *Ledford*, 818 F.3d at 642 (quoting *Greene v. Fisher*, 565 U.S. 34, 43 (2011)). This standard is both mandatory and difficult to meet. *See White v. Woodall,* 572 U.S. 415, 419 (2014).

The AEDPA provides that a federal court may not grant a habeas petition relief on any claim adjudicated on the merits in state court unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Harrington v. Richter,* 562 U.S. 86, 97-98 (2011) (citing 28 U.S.C. § 2254(d)(1)-(2)).

In any event, this Court is authorized to deny a claim for federal habeas corpus relief when the claim is subject to rejection under *de novo* review, regardless of whether AEDPA deference applies. *See Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010) (holding federal courts can deny writs of habeas corpus under § 2254 by engaging in *de novo* review when it is unclear whether AEDPA deference applies, because a habeas petition will not be entitled to habeas relief if his claim is rejected on *de novo* review); *see also Connor v. GDCP Warden,* 784 F.3d 752, 767, n.16 (11th Cir. 2015) ("[B]ecause we conclude that Mr. Connor would not be entitled to habeas relief

under *de novo* review, we affirm the District Court's denial of relief under that standard without resolving whether AEDPA deference applies.").

B. <u>Ineffective Assistance of Counsel</u>

Because several of the claims raised by Petitioner in this federal habeas proceeding challenge counsel's effectiveness, they are governed by the Supreme Court's two-pronged test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to the assistance of counsel during criminal proceedings against them. *Strickland,* 466 U.S. at 684–85.

When assessing counsel's performance under *Strickland,* the court employs a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Petitioner must provide factual support for his contentions regarding counsel's performance. *See Smith v. White,* 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy *Strickland. See Boyd v. Comm'r, Ala. Dep't of Corr.,* 697 F.3d 1320, 1333–34 (11th Cir. 2012).

In the context of a guilty plea, the law is well settled that a criminal defendant is entitled to the effective assistance of competent counsel before deciding whether to plead guilty. *See Lee v. United States,* 582 U.S. ___, 137 S. Ct. 1958, 1964 (2017). Where a movant challenges counsel's effectiveness, he must demonstrate that: (1) counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland,* 466 U.S. at 687, 694. However, if the petitioner cannot meet one of *Strickland's* prongs, the court does not need to address the other prong. *See Strickland,* 466 U.S. at 697; *see also Brown v. United States,* 720 F.3d 1316 (11th Cir. 2013).

**VI. Discussion**

In **claim 1**, Petitioner alleges that counsel was ineffective for advising him to accept a plea agreement for charges that were void due to the statute of limitations. [ECF No. 1 at 5]. Specifically, he claims that he was charged by information in the five cases in October 2005, based on incidents that allegedly occurred in August 2005, but was not arrested on the charges until December 2017, when he was transferred from USP Coleman to Palm Beach County Jail. [*Id*.]. In related **claim 3**, Petitioner alleges that his conviction and sentence are illegal because his prosecution was not commenced with the statutory limitation period. [*Id*. at 8].

As an initial matter, Petitioner's claim that his convictions and sentence are illegal because he was prosecuted after the statute of limitations expired is purely a matter of state law that is not cognizable in this federal habeas proceeding. *See Lewis v. Jeffers,* 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law...."); *see also Pulley v. Harris,* 465 U.S. 37, 41 (1984).

Moreover, counsel actually filed a motion to dismiss the charges based on the expiration of the statute of limitations. [ECF Nos. 11-1 at Exs. 19, 21]. Although the motion was not resolved before Petitioner entered his plea, as discussed below, counsel was not ineffective for advising Petitioner to plead guilty in light of the prevailing law.

In pertinent part, Fla. Stat. § 775.15 sets the time limitations for a prosecution to be commenced under Florida law. Under Fla. Stat. § 775.15(2)(b), a prosecution for any felony, other than a first-degree felony, must be commenced within three years of the date of the offense. Prosecutions should generally be executed without unreasonable delay. *See* Fla. Stat. § 775.15(4)(b). However, the "failure to execute process on or to extradite a defendant in another state who has been charged by information or indictment with a crime in this state *shall not constitute an unreasonable delay*" and "the defendant's *absence from the state should be*

10

*considered*" when determining whether the delay is reasonable. *Id.* (emphasis added). Moreover, the "period of limitation does not run during any time when the defendant is continuously absent from the state…" Fla. Stat. § 775.15(5). This provision, Fla. Stat § 775.15(5), does "not extend the [applicable] period of limitation by more than three years, but shall not be construed to limit the prosecution of a defendant *who has been timely charged by an indictment or information…and who has not been arrested due to his or her absence from the state or has not been extradited for prosecution from another state*." (emphasis added). Notably, a criminal proceeding for grand theft under Fla. Stat. § 812.014 may be commenced within five years after the cause of action accrues, and the statute of limitations does not run while the defendant is continuously absent from the state. *See* Fla. Stat. § 812.035(10).

Here, Petitioner's prosecution was timely commenced when the informations were filed against him in October 2005, two months after the crimes occurred. [ECF No. 11-1, Exs. 2, 5, 8, 11, 14]. The informations charged Petitioner with various counts of burglary of a conveyance and grand theft. When the informations were filed, Petitioner was in federal custody serving a federal sentence. The applicable statute of limitations was then tolled from August 2005, when Petitioner was continuously absent from the State of Florida, until April 2013, when he was transferred to federal custody within the state. [ECF No. 11-1 at 73]. Less than five years after returning to Florida, Petitioner was transferred to state custody in 2017 [ECF No. 11-1, Ex. 16], and then pled guilty to multiple counts of burglary of a conveyance and grand theft of a motor vehicle. [*Id*., Ex. 22]. Accordingly, Petitioner's prosecution for grand theft was not barred by the statute of limitations at the time he pled guilty. As such, counsel's performance cannot be deemed deficient for advising Petitioner to plead guilty to the charges.[2]

---

[2] Although it appears that Petitioner's prosecution for burglary of a conveyance may have been barred by the statute of limitations under Fla. Stat. § 775.15(2)(b), counsel was not ineffective for advising Petitioner to accept the plea

However, even if Petitioner could show that counsel's performance was deficient for advising him to plead guilty to the charges, he fails to make any such showing that but for counsel's purported misadvice, he would have proceeded to trial. *See Lee*, 582 U.S. at ___, 137 S. Ct. at 1965. This is especially true where Plaintiff was facing grand theft charges in four of the five pending cases against him. As to each grand theft count, Petitioner faced a five-year statutory maximum sentence. *See* Fla. Stat. § 775.082(3)(d). Instead, by accepting the plea agreement, Petitioner significantly limited his sentencing exposure to a mere 24.53 months, or the equivalent of two years imprisonment. Moreover, the sentence was to run concurrent with Petitioner's federal sentence, meaning that he would have completed his state sentence prior to his release from federal custody without lengthening his term of incarceration. In light of the obvious benefits of the plea agreement, Petitioner fails to demonstrate the required prejudice. Having failed to establish either prong of *Strickland*, Petitioner's claims 1 and 3 should be denied.

In **claim 2**, Petitioner alleges that he received ineffective assistance when his attorney failed to appeal his conviction or the fact that he should have been sentenced under the laws of 2005 when the crimes were committed. [ECF No. 1 at 7]. In interrelated **claim 4**, Petitioner alleges that his sentence was illegal because he should have been sentenced under the laws of 2005, violating the *ex post facto* clause. [*Id*. at 10, 16].

As an initial matter, these claims are insufficiently pled. Petitioner does not explain how sentencing in Florida changed between 2005 to 2018, nor does he explain how he was prejudiced by any such change. Accordingly, Petitioner's allegations are subject to dismissal on this basis

---

because it was, presumably, part of a package deal with the grand theft charges. By entering into the plea agreement, Petitioner significantly limited his sentencing exposure on all charges, including the grand theft charges for which the statute of limitations remained intact. *See e.g. Morris v. State*, 909 So.2d 428, 432 (Fla. 5th DCA 2004) (finding a defendant is not automatically entitled to withdraw his plea even if prosecution for burglary commenced beyond the statute of limitations because the defendant may have accepted the state's plea offer in order to avoid a harsher sentence).

alone. *See Boyd*, 697 F.3d at 1333–34; *see also Borden v. Allen,* 646 F.3d 785, 810 (11th. Cir. 2011) (When compared to the notice pleading standard of Fed. R. Civ. P. 8(a), Rule 2(c) of the Rules Governing § 2254 Proceedings requires a heightened pleading standard in that the petitioner must sufficiently state the facts supporting each ground).

Moreover, as to the issue of counsel's failure to appeal Petitioner's sentence on the basis of the *ex post facto* clause, Petitioner's claim is without sufficient factual support. He does not claim that he advised counsel to file an appeal, nor does he claim that he expressed to his counsel any desire to file any such appeal. Moreover, Petitioner's plea sheet shows that Petitioner voluntarily waived his right to appeal his conviction and sentence. [ECF No. 11-1, Ex. 23]. He does not claim that counsel was ineffective for advising him to enter into the appeal waiver. In light of the foregoing, Petitioner fails to demonstrate counsel's performance was deficient for failing to file a direct appeal.

Lastly, to the extent that Petitioner claims his sentence was improperly calculated because it was based on a scoresheet error, his claim is not cognizable in this federal habeas proceeding. It is well-settled that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).

Given the foregoing, Petitioner fails to demonstrate that his conviction and sentence were obtained in violation of the Constitution. He is not entitled to habeas relief on the claims. Consequently, claims 3 and 4 should be denied.

### VII. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the Petitioner to establish the need for a federal evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corr.,* 647 F.3d 1057, 1060 (11th Cir. 2011). To determine whether an evidentiary hearing is needed, the question is whether the

alleged facts, when taken as true, are not refuted by the record and may entitle a petitioner to relief. *See Schriro v. Landrigan,* 550 U.S. 465, 474 (2007); *see also Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318-19 (11th Cir. 2016). The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing is not warranted here.

### VIII. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell,* 556 U.S. 180, 183 (2009). This Court should issue a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the Petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon consideration of the record, this court should deny a COA. Notwithstanding, if Petitioner does not agree, he may bring this argument to the attention of the District Judge in objections.

### IX. Conclusion

Based upon the foregoing, it is recommended that:

1. the federal habeas Petition be DENIED;

2. final judgment be entered in favor of Respondent;

3. a certificate of appealability be DENIED; and,

4. the case CLOSED.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (2016); *see also* 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

SIGNED this 25th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Ted Evan Doughty
11715-171
Terre Haute-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 33
Terre Haute, IN 47808
PRO SE

Allen R. Geesey
Office of the Attorney General
Criminal Appeals
1515 North Flagler Drive
Suite 900
West Palm Beach, FL 33401
561-837-5000
Fax: 837-5099
Email: allen.geesey@myfloridalegal.com